IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | CASE NO. 1:14CV468 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| KEITH SMITH, *Warden*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Michael Williams ("Petitioner" or "Williams") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Williams is detained at the Mansfield Correctional Institution, having been convicted in a bench trial by the Cuyahoga County Court of Common Pleas on two counts each of attempted murder, felonious assault, aggravated robbery and improperly handling firearms in a motor vehicle. Doc. 6-1, pp. 13-14.[1] On November 30, 2011, the trial court sentenced Williams to an aggregate sentence of fifteen years in prison. Doc. 6-1, pp. 15-16.

On February 28, 2014, Williams filed his petition for writ of habeas corpus setting forth three grounds for relief. Doc. 1, pp. 3-4. Respondent filed a Motion to Dismiss Petition as Unexhausted. Doc. 6. Respondent asserts that a portion of Ground Two and all of Ground Three are unexhausted and that the Court should dismiss the entire petition or, alternatively, stay the case pending Williams' exhaustion of state remedies. Doc. 6, pp. 7-8. Williams argues that all portions of Ground Two are exhausted (Doc. 9) but concedes that Ground Three is unexhausted (Doc. 7). Williams adds, "[he] would move that ground three only be dismissed without

---

[1] Doc. page citations are to ECF Doc. page numbers.

1

prejudice and that the matter proceed on the two other grounds identified in the petition." Doc. 7, p. 2.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. For the reasons set forth below, the undersigned recommends that the Court **DENY** Respondent's motion to dismiss and **ORDER** Williams to file an amended Petition deleting Ground Three.

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2878 (2009). The Cuyahoga County Court of Appeals, Eighth Appellate District of Ohio, set forth the facts underlying Williams' conviction as follows:

> {¶ 2} The facts in the instant case arise from events that occurred on April 27, 2010. The victim, Wilson Clark, received a telephone call from Williams who inquired about purchasing an automobile from Clark. Clark and Williams had known each other for many years prior to the incident. Clark and his girlfriend, Dominique Hearn, drove to meet Williams so that he could look at the car. Upon arriving at E. 133 and Holyoke in Cleveland, Ohio, Clark called Williams to tell him that he had arrived.
>
> {¶ 3} Clark testified that Williams approached and entered the car. Clark stated that Williams pulled a gun and told Clark, "you know what it is." Clark then explained that this was slang for a robbery. Clark testified that Williams was pointing the gun at him and he responded by giving Williams $9 that he had in his pocket.
>
> {¶ 4} Clark stated that at this point, Williams had one leg in and one leg out of the car and that although Williams instructed him "[d]on't pull off in this car, man," he began to drive hoping that Williams would fall from the car. Clark testified that when he began to drive, Williams shot him once in the side of his mouth which exited through his neck and once in the chest. Clark crashed his car into a house and was later transported to the hospital. Hearn was not injured during the altercation.
>
> {¶ 5} Cleveland police officer Randy Hicks testified that he arrived at the scene shortly after the shooting. Officer Hicks testified that he repeatedly asked Clark who shot him

and Clark responded "Mike Jones." Officer Hicks stated that, from his experience working with the narcotics unit in this area, he knew that "Mike Jones" was Williams' alias. Officer Hicks testified that he went to Williams' residence to search for him but that he was not at home.

{¶ 6} Dominick Allen testified that he witnessed, through the window of his apartment, Williams running from the car shortly after he heard gunshots. Allen also testified that he knew Williams prior to this incident because he and Williams lived in the same apartment complex.

{¶ 7} During the investigation, police interviewed Hearn and, during that interview, she identified Michael Houston as the shooter. During that same interview, however, she repeatedly denied having seen the shooter. Hearn testified that she identified Houston because she knew that she and Clark were meeting a "Mike" and that Michael Houston was the only person by that name whom she knew to live in the area. Houston was later dropped as a suspect in the case because he had an alibi for the entire day of the incident.

{¶ 8} Clark was unconscious for nearly a month after the incident and awoke on May 17, 2010, in the hospital. Shortly after that date, Clark identified Williams from a police photo array. A blind administrator was later used to present the same photo array to Clark. He again identified Williams as the shooter. At the time of trial, Clark made an in-court identification of Williams as the man who shot him on April 27, 2010.

*State v. Williams*, No. 97730, 2012-Ohio-4277, 2012 WL 4243718, at *1-2 (Ohio Ct. App. Sept. 20, 2012).

## II. Procedural Background

### A. State Conviction

On June 7, 2011, a Cuyahoga County grand jury returned an indictment charging Williams with four counts of attempted murder, three counts of felonious assault, two counts of aggravated robbery and two counts of improperly handling firearms in a motor vehicle. Doc. 6-1, pp. 4-10. Williams pleaded not guilty to all the charges in the indictment. Doc. 6-1, p. 11.

Williams waived his right to a jury trial and his case was tried to the bench. Doc. 6-1, p. 12. The Cuyahoga County Court of Common Pleas found Williams guilty of two counts of each

act set forth in the indictment.[2] Doc. 6-1, p. 13. On November 30, 2011, the trial court sentenced Williams to an aggregate sentence of fifteen years in prison. Doc. 6-1, pp. 15-16.

### B. Direct Appeal

On December 20, 2011, Williams, through new counsel, timely appealed to the Ohio Court of Appeals. Doc. 6-1, p. 17. In his brief, he presented three assignments of error:

1. Trial counsel was ineffective under the Sixth and Fourteenth Amendments of the Federal Constitution.

2. The evidence was insufficient under the Fourteenth Amendment of the Federal Constitution.

3. The convictions are against the weight of the evidence.

Doc. 6-1, p. 20. On September 20, 2012, the Ohio Court of Appeals overruled Williams' assignments of error and affirmed the judgment of the trial court. Doc. 6-1, pp. 57-71. Williams did not appeal the decision.

### C. Petition for Post-Conviction Relief

On June 29, 2012, Williams, through counsel, filed a petition for post-conviction relief in the Cuyahoga County Court of Common Pleas. Doc. 6-1, pp. 73-89. Williams asserted a Sixth Amendment violation based on ineffective assistance of trial counsel. Doc. 6-1, pp. 73-89. On August 16, 2012, the trial court denied Williams' petition. Doc. 6-1, p. 105.

On October 26, 2012, Williams filed a request for findings of facts and conclusions of law. Doc. 6-1, p. 106. On December 6, 2012 the trial court issued findings of facts and conclusions of law denying Williams' petition for post-conviction relief. Doc. 6-1, pp. 108-120.

### D. Appeal of Post-Conviction Relief

On January 4, 2013, Williams, through counsel, timely filed an appeal with the Ohio Court of Appeals. Doc. 6-1, p. 122. Williams raised the following three assignments of error:

---

[2] The court found Williams guilty of counts 1-6, 10 and 11 and not guilty of counts 7-9. Doc. 6-1, p. 13.

> 1. Defendant was denied due process of law when [the] court dismissed his petition for post-conviction relief without an evidentiary hearing.
>
> 2. Defendant was denied due process of law when the court dismissed his petition based on an erroneous application of *res judicata*.
>
> 3. Defendant was denied due process of law when the court did not independently prepare findings of fact and conclusion of law.

Doc. 6-1, pp. 123-135. On June 27, 2013, the Ohio Court of Appeals overruled Williams' assignments of error and affirmed the trial court's order. Doc. 6-1, pp. 162-176.

On July 8, 2013, Williams, through counsel, filed an application for reconsideration. Doc. 6-1, pp. 177-180. On August 14, 2013, the Ohio Court of Appeals denied Williams' application for reconsideration. Doc. 6-1, p. 188.

On September 23, 2013, Williams, through counsel, timely filed a notice of appeal to the Ohio Supreme Court. Doc. 6-1, p. 189. Williams asserted the following propositions of law:

> 1. A defendant has been denied due process of law when the court dismisses a post-conviction petition without an evidentiary hearing based upon an improper reliance on *res judicata*.
>
> 2. A defendant has been denied due process of law when his petition for post-conviction relief [] has presented a substantial claim concerning ineffective assistance of counsel.

Doc. 6-1, pp. 191-202. On December 4, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S. Ct. R. 7.08(B)(4). Doc. 6-1, p. 220.

### E. Federal Habeas Petition

On February 2, 2014, Williams, through counsel, filed a petition for a writ of habeas corpus. Doc. 1. Williams lists the following grounds for relief:

**Ground One:** Sixth Amendment and Fourteenth Amendment.

> **Supporting Facts**: Petitioner filed a petition for post-conviction relief. Petitioner set forth documentary evidence which did not appear at his trial and was not apparent from the face of the original trial record. The Court of Common Pleas, without a hearing denied the petition. The Court of Appeals affirmed the denial

5

>claiming it was barred by *res judica[ta]* although new evidence was presented in the petition for post-conviction relief.
>
>**Ground Two**: Sixth Amendment.
>
>>**Supporting Facts**: Petitioner was denied effective assistance of counsel where petitioner offered substantial evidence that his trial counsel failed to investigate the case, secure witnesses, prepare for trial and object to any course of the trial.
>
>**Ground Three**: Fourteenth Amendment.
>
>>**Supporting Facts**: The state produced insufficient evidence to permit a rational factfinder to return a verdict of guilty thus violating petitioner's right to have his case proven beyond a reasonable doubt. This also resulted in a verdict which is against the manifest weight of the evidence.

Doc. 1, pp. 3-4.

On April 29, 2014, Respondent filed a Motion to Dismiss Petition as Unexhausted. Doc. 6. Respondent argues that a portion of Ground Two and all of Ground Three are unexhausted because Williams failed to appeal these issues to the Ohio Supreme Court on direct review. Doc. 6, p. 7. He contends that Williams can still seek a delayed discretionary review in the Ohio Supreme Court. Doc. 6, p. 7. Respondent submits that, because Williams' petition is "mixed"—it contains both exhausted and unexhausted claims—the Court should dismiss the entire petition without prejudice or, alternatively, stay the case pending Williams' exhaustion of state remedies. Doc. 6, pp. 7-8.

### III. Law

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley,* 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003))

6

("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g.*, *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees,* 822 F.2d 1418, 1421 (6th Cir. 1987).

When a petitioner fails to exhaust available state remedies, the entire petition may be dismissed without prejudice or, under certain limited circumstances, a court may grant a stay to allow the petitioner to return to state court to exhaust his state remedies. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005). A "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. Further, even if "good cause" is shown, before granting a stay a court must consider whether the unexhausted claims are potentially meritorious and whether the petitioner did not engage in dilatory litigation tactics. *Id*. at 277-278.

## IV. Analysis

### A. Ground Two

In Ground Two, Williams alleges that he was denied effective assistance of counsel because his trial counsel failed to investigate his case, secure witnesses, prepare for trial and object to any course of the trial. Doc. 1, p. 3. Respondent asserts that a portion of Ground Two—that Williams' trial counsel failed to object to any course of the trial—is unexhausted.

Doc. 6, p. 7. Respondent fails to explain the basis for this contention that a part of Ground Two is unexhausted. He only alludes to the fact that Williams did not seek review in the Ohio Supreme Court on direct appeal and that Williams is required to present this claim to the state's highest court. Doc. 6, p. 7. Williams filed a response in which he asserts that all arguments raised in Ground Two were presented in his post-conviction petition to the Ohio Supreme Court. Doc. 9, p. 1.[3] Respondent did not file a reply.

Williams raised arguments in his state post-conviction briefs that his trial counsel failed to object at trial as well as arguments that his trial counsel failed to investigate his case, secure witnesses and prepare for trial. *See* Doc. 6-1, pp. 74-75, 129-130, 198-199 (asserting that trial counsel "failed to properly object to evidence"). At this stage, it is not clear what "failed to object to any course of the trial" precisely means.[4] But, on its face, all portions of Ground Two were presented to the Ohio Supreme Court in Williams' post-conviction petition and Respondent utterly fails to explain why only a portion of Ground Two is unexhausted; as noted, Respondent chose not to file a reply brief. Accordingly, the undersigned recommends that the Court deny Respondent's motion to dismiss a portion of Ground Two as unexhausted.

**B. Ground Three**

In his brief in opposition, Williams concedes that Ground Three is unexhausted. Doc. 7. He states, "given these circumstances petitioner would move that ground three only be dismissed without prejudice and that the matter proceed on the two other grounds identified in the petition."

---

[3] Williams filed a two-page response to Respondent's motion to dismiss in which he conceded that Ground Three was unexhausted, but he failed to address Respondent's argument regarding Ground Two. Doc. 7. The Court issued an Order instructing Williams to respond to Respondent's argument that part of Ground Two was unexhausted. Doc. 8.

[4] It is not clear if Respondent is arguing that the "failure to object to any course at trial" is impermissible in a state post-conviction petition because it is based on the trial court record. The undersigned notes that Respondent did not develop such an argument. Moreover, Williams' arguments presented in his briefs to the state courts in his post-conviction petition appear to intermingle "objecting to evidence" with "investigating evidence," *see, e.g.*, Doc. 6-1, p. 198, which Respondent does not challenge as unexhausted.

Doc. 7, p. 2. The undersigned thereafter issued an Order directing Williams to respond to Respondent's argument that a portion of Ground Two is exhausted and to "include a clear statement as to whether Petitioner wishes to amend his petition to withdraw Ground Three[.]" Doc. 8, p. 1. Williams' response contained no statement regarding Ground Three. *See* Doc. 9.

The undersigned construes Williams' statement that he "would move" to dismiss Ground Three as a motion to withdraw Ground Three from his petition. The undersigned recommends that the Court grant Williams' request to withdraw Ground Three and order Williams to file an amended petition. Williams' failure to comply with such an order will result in a mixed petition of exhausted and unexhausted claims. Because Williams does not advance any argument why the Court should not dismiss his mixed petition rather than issue a stay, the undersigned recommends that, if Williams fails to file an amended petition deleting Ground Three, his petition be dismissed without prejudice in its entirety.[5] *See Rhines*, 544 U.S. at 277 (stay and abeyance warranted only when the petitioner demonstrates good cause for his failure to exhaust his claims first in state court).

---

[5] Respondent explains that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) is not in danger of expiring and that Williams will still have an opportunity to seek federal habeas relief on Ground Three. Doc. 6, pp. 9-10.

## V. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Respondent's motion to dismiss Williams' petition as unexhausted be **DENIED** and that Williams be **ORDERED** to file an Amended Petition deleting Ground Three.  Further, the undersigned recommends that, if Williams fails to file an amended petition deleting Ground Three, the entire petition be dismissed without prejudice.

Dated: December 5, 2014

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).